1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICO LYNTICE RILEY,                        No. 2:23-cv-1511-EFB P

12              Plaintiff,

13         v.                                    ORDER

14    PRUDHLE, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner inmate proceeding without counsel in an action brought under

18    42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in

19    forma pauperis pursuant to 28 U.S.C. § 1915.

20                          Leave to Proceed In Forma Pauperis

21         Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §

24    1915(b)(1) and (2).

25                               Screening Standards

26         Federal courts must engage in a preliminary screening of cases in which prisoners seek

27    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

                                             1

1   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3   relief." *Id.* § 1915A(b).

4           A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11  U.S. 662, 679 (2009).

12          To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16  678.

17          Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

25          Plaintiff is a prisoner at California State Prison – Sacramento suing four staff members

26  from the same prison.  His complaint (ECF No. 1) contains a number of somewhat garbled

27  allegations.  First, plaintiff alleges that on March 13th of an unspecified year, his property was

28  stolen when he was transferred to a new prison.  ECF No. 1 at 4.

2

1     Plaintiff's remaining allegations appear to center on a period he spent in administrative

2     segregation.  He claims that, on April 29, 2022, defendants Lieutenants Bulgery and Stake failed

3     to put in routine paperwork "(found not guilty)."  *Id.*  Between April 29, 2022 and May 25, 2022,

4     defendant Captain Lecky failed to "figure out what reasoning [plaintiff] continued to be in

5     administrative segregation "after not guilty finding by aforementioned subordinates Lt. Stake &

6     Lt. Bulgery."  *Id.*  "Chief Deputy Warden Prudle failed to act was malicious and intentional on

7     the basis complaint form (260756) was granted by associate director Howard E. Mosley of

8     CDCR, indicating claimant Mr. Riley was obviously and clearly false imprisoned."  *Id.*

9     Plaintiff claims that or around June 15, 2022, he went on a "hunger strike 10 days until

10     Captain Lecky acted or Lt. Stake or Lt. Bulgery or Chief Deputy Warden Prudle."  *Id.*  Captain

11     Lecky told plaintiff, "if you don't come off hunger strike 'well starve then.'"  *Id.*  On June 20,

12     2022, "routine paperwork [was] not in whereupon my information I was being put up for

13     Tehachapi because of me writing 602."  *Id.*  Defendant Prudle "refused to listen to reason" even

14     though plaintiff's dad had only weeks to live due to stage four cancer.  *Id.* at 4-5.

15     Plaintiff also claims that he was unable to see his dad in his last days because defendants'

16     actions or inactions caused him to be falsely imprisoned.  *Id.* at 5.  Plaintiff's mental health

17     deteriorated as a result; he hung himself and was placed in a mental hospital.  *Id.*

18     Plaintiff's allegations largely fail to make grammatical sense.  The court infers, as best it

19     can, that plaintiff wishes to claim that he was unlawfully deprived of his property on some March

20     13th, that he was unlawfully held in administrative segregation for an unknown period of time

21     including April-June of 2022, that defendant Lecky violated his rights by saying, "Well, starve

22     then," and that he was unlawfully "put up" to be transferred to a prison in Tehachapi.

23     To the extent that plaintiff attempts to state a claim based on the alleged theft of his

24     personal property, that claim fails for a number of reasons.  First, plaintiff has provided

25     insufficient facts for the court to determine who this claim is asserted against, when or where it

26     occurred.  More importantly, though, there is no federal due process claim for the deprivation of

27     property by a California inmate where post-deprivation remedies are available.  Even in the event

28     of an intentional deprivation of property, there is no cognizable claim if "a meaningful post-

3

1   deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The

2   Ninth Circuit has held that California law provides such a remedy for property deprivations by

3   public officials.  *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).

4          To the extent that plaintiff alleges that his stay in administrative segregation and/or his

5   proposed transfer to another state prison violated his constitutional due process rights, he fails to

6   allege that he was exposed to conditions that arise to a liberty interest protected by the

7   Constitution.  While "prisoners do not shed all constitutional rights at the prison gate, . . . lawful

8   incarceration brings about the necessary withdrawal or limitation of many privileges and rights . .

9   . ." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotations and citations omitted).

10  "Discipline by prison officials in response to a wide range of misconduct falls within the expected

11  parameters of the sentence imposed by a court of law." *Id.; see also Toussaint v. McCarthy*, 801

12  F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation falls within the terms of

13  confinement ordinarily contemplated by a sentence).  In a prison setting, a liberty interest is

14  recognized and protected where the conditions of confinement impose a hardship that is atypical

15  and significant in relation to the ordinary incidents of prison life.  *Sandin*, 515 U.S. at 485.

16  Plaintiff has not alleged facts showing that the conditions he was subjected to while he was

17  housed in administrative segregation or due to the proposed transfer imposed an atypical or

18  significant hardship on him in relation to the ordinary incidents of prison life.  *See also Myron v.*

19  *Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (placement in a higher security level does not in itself

20  impose an atypical and significant hardship); *Fiorito v. Entzel*, No. 5:17-cv-02158-JFW-KES,

21  2019 U.S. Dist. LEXIS 55830, at *10-11 (C.D. Cal. Mar. 27, 2019) (allegations of transfer, even

22  to a higher security or more dangerous prison, do not state a due process claim absent facts

23  showing specific conditions that amount to an atypical and significant hardship).

24          To the extent that plaintiff alleges that the proposed transfer was retaliation in violation of

25  the First Amendment due to his filing of a prison grievance, plaintiff has stated insufficient facts

26  to make out the claim.  To state a claim for retaliation in violation of the First Amendment, a

27  prisoner must allege facts showing five elements: (1) that a state actor took some adverse action

28  against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of

4

1  his First Amendment rights, and (5) that the action did not reasonably advance a legitimate

2  correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need

3  not allege that his speech was actually inhibited or suppressed, but merely that the defendant's

4  conduct was such as would chill or silence a person of ordinary firmness from future First

5  Amendment activities. *Id*. at 568-69. Conduct protected by the First Amendment includes

6  communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271

7  n.4 (9th Cir. 2009). Here, plaintiff has not pled facts showing that any named defendant was

8  involved in the proposed transfer, that he was actually transferred, or that the transfer did not

9  further a legitimate correctional goal.

10      Lastly, to the extent that plaintiff alleges that Captain Lecky violated his rights by saying,

11  "Well, starve then," this conduct, even if true, does not arise to a violation of the Constitution.

12  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not

13  violate the Eighth Amendment.").

                                    Leave to Amend

15      Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an

16  amended complaint it should observe the following:

17      Any amended complaint must identify as a defendant only persons who personally

18  participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

19  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

20  constitutional right if he does an act, participates in another's act or omits to perform an act he is

21  legally required to do that causes the alleged deprivation).  The complaint should also describe,

22  in sufficient detail, how each defendant personally violated or participated in the violation of his

23  rights. The court will not infer the existence of allegations that have not been explicitly set forth

24  in the amended complaint.

25      The amended complaint must contain a caption including the names of all defendants.

26  Fed. R. Civ. P. 10(a).

27      Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See

28  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

                                          5

1       Any amended complaint must be written or typed so that it so that it is complete in itself

2  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

3  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

4  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

5  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

6  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

7  1967)).

8       Finally, the court notes that any amended complaint should be as concise as possible in

9  fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of

10  procedural or factual background which has no bearing on his legal claims.

11                          Conclusion

12      Accordingly, IT IS ORDERED that:

13      1.    Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

14      2.    Plaintiff shall pay the statutory filing fee of $402.  All payments shall be collected in

15             accordance with the notice to the California Department of Corrections and

16             Rehabilitation filed concurrently herewith;

17      3.    Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30

18             days of service of this order; and

19      4.    Failure to comply with this order may result in dismissal of this action for the

20             reasons stated herein.

21

22  Dated: October 30, 2023

23                        EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28