UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICO LYNTICE RILEY,<br>Plaintiff,<br>v.<br>PRUDHLE, et al.,<br>Defendants. | No. 2:23-cv-01511-DAD-EFB (PC)<br><br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is defendants' motion to compel. ECF No. 36. In his purported opposition to defendants' motion, plaintiff appears to be moving to file a further amended complaint. ECF Nos. 41 and 42. For the following reasons, defendants' motion to compel is granted, and plaintiff's motion to file an amended complaint is denied.

**I. Background**

This case was filed in 2023 (ECF No. 1), and plaintiff's first amended complaint (FAC) was filed on January 2, 2024. ECF No. 10. Plaintiff alleges that, in February 2022, while housed at Mule Creek State Prison (MCSP), plaintiff and six other African inmates were stripped, shackled, illegally placed in administrative segregation (ASU), and issued a "false, trumped-up" rules violation charge (RVR) for conspiracy to assault a correctional officer. *Id.* at 4. During this confinement in ASU, officials transferred plaintiff to California State Prison – Sacramento (CSP-

Sac), where unidentified staff deliberately misplaced his property. *Id.*

At a meeting of the Institutional Classification Committee (ICC), defendant Prudhle (who was prison warden at the time) told plaintiff that he was extending the ASU term by 180 days due to plaintiff's RVR and administrative appeals (602s) that plaintiff had filed. *Id.* Prudhle told plaintiff, "Drop your 602s." *Id.*

Due to his "racist" and "illegal" confinement in ASU, plaintiff's mental health deteriorated. *Id.* at 5. Plaintiff began to starve on June 15, 2022 as protest and due to depression. The same day, he wrote a number of 602s to challenge the ASU term and the RVR. *Id.* The next day, defendant Lecky (a captain at CSP-Sac in charge of overseeing ASU lock-up orders) told plaintiff, "You keep complaining and filing 602 appeals" and "Now we're gonna transfer you to ICC-Tehachapi prison." *Id.*

Around June 30, 2022, plaintiff told defendant Bulgery (a lieutenant at CSP-Sac who oversaw the adjudication of plaintiff's RVR) and Lecky that he needed to be released from ASU and returned to MCSP to be close to his family, because his father was dying of cancer. *Id.* The two officers responded that plaintiff was headed to Tehachapi because he had filed 602s. *Id.*

Plaintiff alleged that the three prison officials violated his due process and Eighth Amendment rights. After screening the FAC, this court found that plaintiff had stated a potentially cognizable claim against three defendants for retaliation in violation of the First Amendment due to his filing of prison grievances. ECF No. 31.

On September 15, 2025, this court issued a scheduling and discovery order. ECF No. 32. That order stated that if plaintiff sought leave to amend his operative complaint, he was required to "file any motion to amend no later than January 9, 2026." *Id.* at 4. The parties subsequently engaged in discovery, and on January 9, 2026, defendants filed a motion to compel plaintiff's responses to defendants' first set of discovery requests. ECF No. 36. Even though he did not request an extension of time, plaintiff did not timely respond to defendants' motion, and on April 3, 2026, this court ordered plaintiff to file an opposition or statement of non-opposition within thirty days. ECF No. 39. Plaintiff again did not respond within the required time; rather on May 18, 2026, plaintiff filed an "Opposition and Statement Motion" (ECF No. 41) and a proposed

amended complaint. ECF No. 42.

## II. Analysis

### A. Motion to Compel

Pursuant to Rules 33, 34, and 36, defendants timely served plaintiff on November 7, 2025 with written discovery requests, including interrogatories, requests for admissions, and requests for production of documents.[1] ECF Nos. 36-1, 36-2, 36-3, 36-4, and 36-5; Declaration of Krasiev-Dvornikov in Support of Motion to Compel (Krasiev-Dvornokov Decl.) ¶ 2, Exs. A, B, C, and D. Plaintiff has not provided any responses – including objections – to defendants' discovery requests. Krasiev-Dvornokov Decl. ¶ 4.

An essential goal of discovery is to enable the parties to obtain information necessary to the effective litigation of claims and defenses. *See In re Syncor Erisa Litigation,* 229 F.R.D. 636, 643 (C.D.Cal.2005). Thus, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* To oppose discovery that has been propounded, the party must demonstrate that the discovery sought should not be allowed and must explain and support its objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975). A party seeking discovery may move the court for an order compelling response when an opposing party fails to respond. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv).

Here, plaintiff has not responded or objected in any way to defendants' discovery requests. Krasiev-Dvornikov Decl. ¶ 4. And in his untimely filed "Opposition and Statement Motion" (ECF No. 41), plaintiff did not meaningfully address his failure to respond to defendants' discovery requests, nor did he provide any reasons why defendants' motion to compel should not be granted. Accordingly, the court hereby grants defendants' motion to compel plaintiff to provide responses to their interrogatories, requests for admission, and requests for production of documents. As defendants have also maintained, plaintiff's failure to make

[1] The court's discovery and scheduling order stated that discovery requests were to be served no later than November 7, 2025. ECF No. 10 at 4.

timely, specific, and express objections to defendants' discovery requests results in plaintiff's waiver of objections. *See* Fed. R. Civ. P. 26(b)(5)(A), 33(b)(4), 34(b)(2)(C), 36(a)(3).

**B. Motion for Leave to Amend**

The court construes plaintiff's "Opposition and Statement Motion" (ECF No. 41), and its accompanying amended complaint (ECF No. 42) as a motion for leave to amend the complaint. As a threshold matter, the motion to amend is untimely. Both Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure require that motions to amend be presented timely. As discussed *supra*, on September 15, 2025, this court issued a scheduling and discovery order. ECF No. 32. That order stated that if plaintiff sought leave to amend his operative complaint, he was required to "file any motion to amend no later than January 9, 2026." *Id.* at 4. Notwithstanding that order, plaintiff did not seek to amend his complaint until May 18, 2026. ECF No. 41. Accordingly, the motion is untimely and absent a showing of good cause to extend the deadline, the motion must be denied. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge."); *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard applies when a plaintiff seeks to amend a complaint after the scheduling order deadline, and the primary consideration in the good cause determination is the "diligence of the party seeking the amendment"); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule").

Here, plaintiff has not articulated good cause for failing to meet the January 9, 2026 deadline, nor has he demonstrated any diligence on his part. His pleadings do not address his delay or the reasons for it and fail to provide a basis for granting a modification to the scheduling order. Thus, plaintiff's motion for leave to amend his complaint must be denied.

////

////

////

////

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to compel (ECF No. 36) is GRANTED.
2. Plaintiff is required to respond to defendants' timely filed discovery requests without objections within thirty days of the date of this order.
3. Plaintiff is instructed that failure to adhere to deadlines may result in the imposition of sanctions, including dismissal. *See* L.R. 230(l); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal."). Having filed this action, plaintiff is obligated to prosecute it by timely responding to discovery requests and filing deadlines or seeking extensions of those deadlines from the court.
4. Plaintiff's motion for leave to amend the complaint (ECF No. 41) is DENIED.
5. Any dispositive motions shall be filed within 90 days of the date of this order.

Dated: August 10, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE